**Raymond J. CHELTE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 96–606.**

United States Court of Veterans Appeals.

Argued April 22, 1997.

Decided May 28, 1997.

Ronald L. Smith, for appellant.

Patricia Trujillo, with whom Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and R. Randall Campbell, Deputy Assistant General Counsel, Washinton, DC, were on the brief, for appellee.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

FARLEY, Judge:

This is an appeal from an April 16, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied the appellant's claims for service connection for postoperative residuals of a left inguinal hernia repair, a chronic acquired psychiatric disorder, and drug and alcohol abuse. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). The appellant has not raised the issues of the denial of service connection for the psychiatric disorder or the drug and alcohol abuse on appeal; therefore, the Court deems these issues abandoned. *Bucklinger v. Brown,* 5 Vet.App. 435 (1993). Because the Court finds that the appellant's claim for service connection for postoperative residuals of a left inguinal hernia repair to be

not well grounded, the Court will affirm the April 16, 1996, BVA decision.

## I.

The appellant, Raymond J. Chelte, served on active duty from July 1973 to June 1974. R. at 14. The appellant's July 1973 induction examination noted the presence of a left inguinal hernia, R. at 16. However, a hernia notation later in the same report was crossed out, with the explanation of "[n]o hernia—has fascial defect and transmitted impulse—fit for duty." R. at 17. The veteran entered active duty on July 31, 1973. R. at 14. On August 21, 1973, following a complaint of pain, a general surgery consultation reported a "L[eft] I[nguinal] H[ernia] found mid-July at AFEES, Springfield, Mass. 1st noticed bulge this past April. Painful on exertion." R. at 27. The recommendation was to "Admit 8/29" with "Surg[ery] 8/30." *Ibid.* A physical examination upon the veteran's admission to the hospital revealed a "soft, non-tender, reducible mass at the left external inguinal ring." R. at 28. The veteran underwent a left inguinal herniorrhaphy, apparently on August 30, 1973. *See* R. at 27, 28. Upon re-examination of the veteran before his release from the hospital, the physician noted "satisfactory healing of the incision without evidence of recurrence or infection." *Ibid.*

Service medical records indicate that in June 1974 the veteran complained of pain in the area of his hernia operation, which he stated was most severe when lifting and when sitting in one place for a long time. R. at 31. An examination, which was conducted on June 4, 1974, revealed a well-healed scar, without hernia or impulse with cough. R. at 33. The impression was left inguinal muscle strain in a post-operative hernia patient. *Ibid.* The veteran's separation examination noted a left inguinal scar as an identifying mark, but mentioned no residual disability from the herniorrhaphy. R. at 34.

In February 1993, nineteen years after his discharge from service, the veteran filed a claim for "[r]esiduals of left [i]nguinal [h]ernia [r]epair." R. at 88. This claim was initiated by a letter from the Disabled American Veterans, the veteran's service repre-sentative. *Ibid.* Upon receipt of that letter, VA contacted the veteran, informing him that "[t]o establish eligibility for hernia problems," he must "submit evidence that [his] condition was incurred or aggravated by military service and ha[d] existed continuously from the date of [his] discharge." R. at 92. In response, the veteran submitted private medical records from 1992 to 1993; however, none of the proffered records pertain to the veteran's alleged hernia condition. R. at 95–122.

In June 1993 the regional office (RO) denied service connection for a left inguinal hernia after concluding that the hernia existed prior to service. R. at 126. The RO further concluded that the surgery performed during service was corrective and that there was no in-service aggravation of the condition. *Ibid.* In February 1996 an independent medical examiner opined that the veteran's time in service did not aggravate his hernia but, in fact, repaired it. R. at 162.

Mr. Chelte appealed the RO's decision to the BVA. In its April 16, 1996, decision here on appeal, the Board also found that the appellant's condition existed prior to service and that his condition did not increase in severity during service. R. at 8–9.

## II.

Section 5107(a) of Title 38, U.S.Code, provides in pertinent part: "[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." The determination of whether a claim is well grounded is a matter of law which this Court reviews de novo. *Grivois v. Brown,* 6 Vet. App. 136, 139 (1994). The Court has held that a well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [§ 5107(a) ]." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). "The quality and quantity of the evidence required to meet this statutory burden of necessity will depend upon the issue presented by the

claim." *Grottveit v. Brown,* 5 Vet.App. 91, 92–93 (1993). Where the determinative issue involves medical causation or a medical diagnosis, competent medical evidence to the effect that the claim is "plausible" is generally required. *Id.* at 93. In *Caluza v. Brown,* the Court held that for such a claim to be well grounded, there generally must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of incurrence or aggravation of a disease or injury in service; and (3) medical evidence of a nexus between an in-service injury or disease and the current disability. 7 Vet.App. 498, 506 (1995), *aff'd,* 78 F.3d 604 (1996) (table). Where the determinative issue is factual rather than medical in nature, competent lay testimony may constitute sufficient evidence to well ground the claim. *Grottveit,* 5 Vet.App. at 93. Similarly, lay evidence concerning the manifestations of a chronic condition during service or within a presumptive period or the continuity of symptomatology may suffice. *Caldwell v. Derwinski,* 1 Vet.App. 466, 469 (1991); *see also 38* C.F.R. § 3.303(b)(1996); *Godfrey v. Brown,* 7 Vet.App. 398, 406 (1995); *Falzone v. Brown,* 8 Vet.App. 398, 403 (1995).

■ The evidence submitted by the appellant meets none of these standards. The veteran has presented no evidence that he currently suffers from any disability; he does not allege that he still has a hernia, nor has he presented any evidence of recurrence of the hernia repaired in service. He did report, through his representative, that he was "having trouble with a recurrent hernia," (R. at 88) but has offered no evidence of such "trouble." The only reference to the veteran's hernia after his discharge from service in all of the medical records submitted was the record of his report that he had had hernia surgery which was given as part of his medical history in connection with a psychological examination; the records are devoid of any mention of complications, treatment, or any continuing hernia condition. R. at 115. The veteran has also made no allegation, or offered any evidence that he has a painful or tender scar, or that his hernia scar has "repeated ulceration." *See* 38 C.F.R. § 4.118, Diagnostic Code (DC) 7803, 7804 (1996) (Post-operative scars are compensable

if they have "repeated ulceration" or are tender and painful on objective demonstration.); *see also* 38 C.F.R. § 4.48 (1996). In essence, the appellant seeks to well-ground his claim upon the fact that he had a hernia repaired in service and his statement that he currently is experiencing discomfort; that is not enough under 38 U.S.C. 5107(a). In the absence of competent medical evidence of a current disability and a causal link to service or evidence of chronicity or continuity of symptomatology, a claim is not well grounded. *See Caluza, supra.*

■ At oral argument, counsel for the appellant argued that the evidence that the veteran was treated for a hernia in service (R. at 28) and that the veteran's separation examination notes an inguinal scar (R. at 34), together with the letter from the appellant's service representative stating that the veteran had reported that he was having "trouble with a recurrent hernia" (R. at 88) constitute sufficient evidence that the claim is well grounded. The evidence pointed to by counsel establishes only that the veteran had a hernia in the past, not that he has a current disability. Furthermore, the letter of the veteran's service representative is not competent medical evidence. The representative's personal knowledge of the appellant's current condition cannot suffice to provide the requisite medical evidence of a current disability. *Grottveit,* 5 Vet.App. at 93. Additionally, the representative is not competent to testify as to the causal relationship between the appellant's current symptoms and the hernia condition he had had in service. *See Wilkinson v. Brown,* 8 Vet.App. 263, 268 (1995); *Grottveit,* 5 Vet.App. at 93. Counsel argued alternatively that evidence of a current disability is not required because the veteran's condition is chronic, due to the fact that he has a scar (although the Court must note that the veteran has also failed to submit any evidence that he currently has a scar). A scar is not listed among the chronic conditions or diseases accorded presumptive service connection as defined by statute and regulation, and a scar is not a chronic disease (*see* 38 U.S.C. §§ 1101(3), 1112; 38 C.F.R. §§ 3.307, 3.308(a), 3.309(a) (1996)) but even if the appellant's scar could be considered

"chronic", a scar is not a compensable condition unless the veteran experiences some complications with the scar; the current state of the record does not document any such complications. *See generally* 38 C.F.R. § 4.118; *see also* 38 C.F.R. 4.48. On April 23, 1997, the appellant filed a motion for supplemental briefing, requesting that the Court order additional briefing on the issues raised at oral argument. The Secretary filed an opposition to the motion on May 12, 1997. The Court finds that the issued were sufficiently addressed at oral argument and that additional briefing is not necessary for the Court's decision.

## III.

Upon consideration of the forgoing, the Court finds that the appellant's claim is not well grounded. *See Caluza, supra.* Accordingly, the Board's April 16, 1996, decision, to the extent it disallowed the appellant's claim, is AFFIRMED. *See Edenfield v. Brown,* 8 Vet.App. 384 (1995). Appellant's Motion for Supplemental Briefing is DENIED.