# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1293

Gary N. Chase, Appellant,

v.

Togo D. West, Jr.,
Secretary of Veterans Affairs, Appellee.

Before KRAMER, FARLEY, and IVERS, *Judges.*

## O R D E R

The appellant, Gary N. Chase, appeals a June 30, 1998, decision of the Board of Veterans' Appeals (Board) that determined that the appellant's claims for service connection for chronic fatigue syndrome, rheumatoid arthritis, and emphysema were not well grounded and determined that claims for service connection for chronic fatigue syndrome, rheumatoid arthritis, emphysema, cysts, and skin cancer secondary to Agent Orange exposure were not well grounded, either on a direct or presumptive basis. Record at 3, 15-16. The appellant filed a brief, the Secretary filed a motion for summary affirmance in lieu of a brief, and the appellant filed a response to the Secretary's motion. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).

On December 14, 1999, the Court, in a single-judge order, granted the Secretary's motion and affirmed the June 1998 decision of the Board. On December 23, 1999, the Court received correspondence from the appellant's counsel, essentially requesting the Court to issue a precedential opinion addressing whether a claimant, prior to the submission of a well-grounded claim, is entitled to a VA medical examination. The Court construes this correspondence as a timely motion for a panel decision. *See* U.S. Vet. App. R. 35(b), (d)(1). The Court will grant that construed motion; withdraw its December 14, 1999, order; and issue this order in its stead. For the reasons that follow, the Court will affirm the decision of the Board.

On appeal, the appellant, through counsel, concedes that his claims for service connection for chronic fatigue syndrome, rheumatoid arthritis, and emphysema are not well grounded. Appellant's Brief at 2. He also concedes that his claims for service connection based on in-service Agent Orange exposure are not well grounded. *Id.* The appellant contends, however, that he "has a right to a [VA] physical examination on the matter of service connection . . . even where a well-grounded [claim] has not been made, and especially in Agent Orange cases." *Id.* at 5. In this regard, he essentially argues that it is unfair to deny VA medical examinations to poor or uneducated claimants, and he argues that an examination in the instant case is reasonably required because the appellant suffers from conditions that, in his lay opinion, possibly may be related to Agent Orange exposure. The Secretary responds that the appellant's claims are not well grounded and that "VA

medical examinations are provided pursuant to the duty to assist," which is triggered by the submission of a well-grounded claim. Secretary's Motion for Summary Affirmance at 9.

Initially, the Court deems abandoned any appeal with respect to the issue of whether the appellant's claims are well grounded. *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997); *Grivois v. Brown*, 6 Vet.App. 136, 138 (1994) (issues or claims not argued on appeal are deemed abandoned); *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993). Further, the Court concludes that, because the appellant has not submitted a well-grounded claim, the 38 U.S.C. § 5107(a) duty to assist was not triggered and, thus, the appellant was not entitled to a VA medical examination under the duty to assist. *See Morton v. West*, 12 Vet.App. 477, 486 (1999) ("under [38 U.S.C. §] 5107, absent the submission and establishment of a well-grounded claim, the Secretary cannot undertake to assist a veteran in developing facts pertinent to his or her claim"); *Savage v. Gober*, 10 Vet.App. 488, 498 (1997) (because appellant had not submitted evidence sufficient to well ground his claim, duty to provide medical examination and opinion was not triggered under 38 U.S.C. § 5107(a)); *see also Epps v. Gober*, 126 F.3d 1464, 1469 (Fed. Cir. 1997) (under section 5107(a), VA has duty to assist only those claimants who have established well-grounded claims), *cert. denied*, 118 S.Ct. 2348 (1998). Moreover, the appellant has not pointed to any authorities to support his contention that veterans claiming service connection based on Agent Orange exposure are entitled to VA medical examinations regardless of whether they have submitted well-grounded claims, and thus that argument must fail. *See* U.S. VET.APP. R. 28(a)(5) (appellant's brief must contain "an argument . . . and the reasons for them, with citations to the authorities . . . relied upon").

The Court notes that VA ADJUDICATION PROCEDURE MANUAL, M21-1, Part III, para. 5.10(a), provides: "When initially corresponding with a veteran claiming disability resulting from exposure to herbicides while in the Republic of Vietnam, inform him or her of the availability of hospital examination and treatment." However, the appellant has not raised either to the Board or to the Court the issue of whether he is entitled to an examination under that provision, and the Court declines to raise the issue sua sponte. *See Ford, Grivois,* and *Bucklinger*, all *supra*. Nevertheless, the Court further notes that this provision may be problematic. *See generally Morton*, 12 Vet.App. at 481-85. Even if it were not, its focus appears to be on present disability, rather than on either in-service incurrence or an etiological relationship to service. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995) (well-grounded service-connection claim generally requires medical evidence of current disability; medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of disease or injury; and medical evidence of nexus between claimed in-service disease or injury and current disability), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table). Thus, at best, with regard to a claim for service connection, it appears that such an examination could only confirm the existence of the claimed conditions. Further, the Court, without drawing any conclusions in this regard, notes that a question could arise as to whether a VA hospital examiner who is otherwise competent to provide treatment for Agent Orange presumptively service-connected conditions, necessarily would have the requisite expertise to provide a medical opinion as to a relationship between a non-presumptively service-connected condition and either the existence of in-service Agent Orange exposure or its relationship to such a condition. *See* Veterans' Dioxin and Radiation Exposure Compensation Standards Act, Pub. L. No. 98-542, § 6(a), 98 Stat. 2725, 2729 (1984)

2

(requiring advisory committee composed of experts in dioxin, experts in epidemiology, and interested members of the public to determine which diseases will be deemed causally related to dioxin exposure); *cf.* 38 C.F.R. § 3.311(a)(3)(ii) (1999) (regarding required expertise for providing opinion as to in-service radiation dose).

Finally, the Court, in response to an assertion in the appellant's brief (*see* Appellant's Brief at 6), notes that, under 38 U.S.C. § 1116(a)(3) and 38 C.F.R. § 3.307(a)(6)(iii) (1999), in-service exposure to Agent Orange is presumed only in cases in which a veteran has a disease that is presumptively service connected (*see McCartt v. West*, 12 Vet.App. 164, 168 (1999)), and none of the appellant's claimed current conditions would be presumptively service connected (*see* 38 U.S.C. § 1116(a)(2); 38 C.F.R. § 3.309(e) (1999)).

On consideration of the foregoing, it is

ORDERED that the appellant's construed motion for a panel decision is granted.  It is further

ORDERED that the Court's December 14, 1999, order is withdrawn.  It is further

ORDERED that the June 30, 1998, decision of the Board is AFFIRMED.

DATED:    April 7, 2000                                    PER CURIAM.