# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0217

Theodore J. Stolasz, Appellant,

and

No. 04-0344

Willliam J. Anderson, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued August 30, 2005                    Decided   October 19, 2005    )

*Ronald L. Smith* and *Landon Overby* (non-attorney practitioner), with whom *Leslie C. Rogall*, all of Washington, D.C., were on the brief for the appellants.

*Kenneth A. Walsh,* with whom *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Catherine A. Chase*, all of Washington, D.C., were on the brief in case No. 04-0217, for the appellee. *Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief in case No. 04-0344, for the appellee.

Before HAGEL, LANCE, and SCHOELEN, *Judge*s.

SCHOELEN, *Judge*: The appellant, Theodore J. Stolasz, through counsel, seeks review of a November 21, 2003, Board of Veterans' Appeals (Board or BVA) decision that denied his claim for separate disability ratings for each ear for service-connected bilateral tinnitus. Stolasz Record (Stol. R.) at 1-9. Also before the Court is the appellant, William J. Anderson, who, through counsel, seeks review of a December 23, 2003, BVA decision that denied his claim for separate disability ratings for each ear for service-connected bilateral tinnitus. Anderson Record (Ande. R.) at 1-7. The

appellants and the Secretary filed briefs. On August 30, 2005, the Court heard oral argument in this consolidated case. These appeals are timely, and the Court has jurisdiction over the cases pursuant to 38 U.S.C. §§ 7252(a) and 7266. The issue on appeal in both cases is whether a June 2003 amendment to regulation 38 C.F.R. § 4.87 (2004), Diagnostic Code (DC) 6260, prohibiting separate disability ratings for bilateral tinnitus, may be applied to the claims that were pending at the Department of Veterans Affairs (VA) at the time the June 2003 amendment was promulgated, so as to preclude the assignment of separate disability ratings for bilateral tinnitus.

As a preliminary matter, the Court notes that the appellants' briefs present arguments with respect only to the Board's denial of separate disability ratings for bilateral tinnitus. Accordingly, the Court deems all other appealable issues to be abandoned. *See Ford v. Gober*, 10 Vet.App. 531, 535 (1997) (holding claims not argued on appeal are deemed abandoned); *Bucklinger v. Brown*, 5 Vet.App. 435, 436 (1993). For the reasons that follow, the Court will reverse the Board decisions and remand the matters for further proceedings consistent with this opinion.

## I. RELEVANT BACKGROUND

### A. Appellant Stolasz

Appellant Stolasz served honorably on active duty in the U.S. Air Force from July 1963 to July 1967. Stol. R. at 16. In May 2001, he applied for disability compensation for hearing loss. Stol. R. at 10. In September 2001, he was diagnosed with tinnitus and hearing loss by a VA medical examiner. Stol. R. at 124. "Tinnitus" is "noise in the ears such as ringing, buzzing, roaring, or clicking." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1725 (27th ed. 1988).

In September 2001, a VA regional office (RO) granted service connection for hearing loss and tinnitus, and assigned a 10% disability rating for tinnitus, effective May 2001. Stol. R. at 127-30. In June 2002, while the matter was pending on appeal to the BVA, the appellant argued, inter alia, that he should receive separate 10% disability ratings for each ear for bilateral tinnitus pursuant to 38 C.F.R § 4.25(b) (2002). Stol. R. at 174-77.

In May 2003, the VA General Counsel's Office issued a precedent opinion in which it concluded that separate disability ratings for bilateral tinnintus were prohibited under the versions of DC Code 6260, as in effect prior to June 1999, and as amended on that date. VA General Counsel

2

Precedent Opinion 2-2003 (May 22, 2003) [hereinafter G.C. Prec. 2-2003]. Subsequently, in June 2003, an amendment to DC 6260 was promulgated. The June 2003 amendment provided that separate disability ratings for each ear for bilateral tinnitus were prohibited.

In November 2003, the Board issued a decision denying separate 10% disability ratings for each ear for bilateral tinnitus. Stol. R. at 1-12. To conclude that, as a matter of law, separate schedular ratings could not be assigned for bilateral tinnitus, the Board relied on the June 2003 amendment to DC 6260 and G.C. Prec. 2-2003. Stol. R. at 11.

### B. Appellant Anderson

Appellant Anderson served on active duty in the U.S. Navy from June 1959 to May 1961. Ande. R. at 11. In September 1997, he filed a claim for entitlement to service connection for tinnitus. Ande. R. at 14. In December 1997, Mr. Anderson was diagnosed with tinnitus and hearing loss, both of which a VA medical examiner opined were related to service. Ande. R. at 20. In February 1998, the RO granted service connection for tinnitus, rated 10% disabling, effective September 25, 1997. Ande. R. at 26-28.

In August 2000, Mr. Anderson was examined by a VA medical examiner who concluded that he suffered from tinnitus that the appellant characterized as a constant "buzzing." Ande. R. at 32. In December 2002, the RO continued the 10% disability rating assigned for his tinnitus. Ande. R. at 36-39. The Board issued a decision in December 2003 that denied Mr. Anderson's claim for separate 10% disability ratings for each ear for tinnitus. Ande. R. at 1-7. As in Mr. Stolasz's case, to conclude that, as a matter of law, separate disability ratings for each ear for bilateral tinnitus were prohibited, the Board relied on the June 2003 amendment to DC 6260 and G.C. Prec. 2-2003. Ande. R. at 7.

### II. ANALYSIS

#### A. Applicable Law Regarding Evaluation of Tinnitus

By statute, the Secretary has the authority to "adopt and apply a schedule of ratings of reductions in earning capacity from specific injuries or combination of injuries." 38 U.S.C. § 1155 (2000). Pursuant to that authority, the Secretary has adopted a schedule of ratings for ear disorders. The diagnostic code for tinnitus is set forth in 38 C.F.R. § 4.87, DC 6260. In 1998, a 10% rating was

warranted for "persistent" tinnitus if the disease was the result of a head injury, concussion, or acoustic trauma. *See* 38 C.F.R. § 4.87, DC 6260 (1998). In June 1999, the Secretary amended DC 6260 to provide a 10% disability rating for "recurrent" tinnitus. 64 Fed. Reg. 25, 202 (1999) (codified at 38 C.F.R. § 4.87, DC 6260 (2000)). The June 1999 amendment also eliminated the requirement that the tinnitus must be the result of a head injury, concussion, or acoustic trauma. *Id*. In June 2003, the Secretary added a note (Note 2) to the end of DC 6260 stating that only a single evaluation may be assigned for recurrent tinnitus "whether the sound is perceived in one ear, both ears, or in the head." 68 Fed. Reg. 25, 822 (2003) (codified at 38 C.F.R. § 4.87, DC 6260 (2004)). The regulation stated that it would become effective on June 13, 2003. *Id*.

Also relevant to the appellants' claims is 38 C.F.R. § 4.25(b), the regulation that provides the general rule for rating disabilities arising from a single disease entity. This regulation provides that each service-connected disability arising from a single ***disease*** entity is to be rated separately, and the ratings combined, unless otherwise provided by the Secretary. *See Colayong v. West*, 12 Vet.App. 524, 531 (1999); *Esteban v. Brown*, 6 Vet.App. 259, 261 (1994).

In *Smith (Ellis) v. Nicholson*, 19 Vet.App. 63 (2005), the Court reversed a Board decision that denied the veteran separate 10% disability ratings for bilateral tinnitus under the pre-June 2003 versions of DC 6260. The Secretary argued that the Board decision was consistent with VA's longstanding interpretation of DC 6260 that no more than one 10% disability rating may be assigned for tinnitus. *Id*. at 69-70. In support of this argument, the Secretary pointed to the introductory language to the proposed and final rule amending DC 6260 and to G.C. Prec. 2-2003. *Id*. These documents stated that the amendment to DC 6260 did not represent a substantive change but merely restated VA's standard practice of granting only a single 10% disability rating for bilateral tinnitus. *Id*. at 69. Thus, the Secretary argued that VA's longstanding interpretation of DC 6260 had always prohibited separate ratings for bilateral tinnitus. *Id*.

The Court in *Smith* reviewed the text of the pre-June 2003 versions of DC 6260 and concluded that VA's interpretation of DC 6260 was inconsistent with the plain meaning of DC 6260, which listed tinnitus as a ***disease*** of the ear, thereby making the provisions of § 4.25(b) applicable. *Id*. at 74-77. Furthermore, the Court noted that the rating schedule contained no exception to § 4.25(b) regarding tinnitus. *Id*. at 75. The Court also concluded that because the introductory

language explaining the proposed amendment misstated the law regarding § 4.25(b), the Secretary's interpretation was entitled to no deference. *Id*. at 77. The Court held that "the plain reading [of the pre-June 2003 versions of DC 6260] and application of § 4.25(b) required the assignment of dual ratings for bilateral tinnitus." *Id*. at 78. The Court also expressly invalidated G.C. Prec. 2-2003 to the extent that the General Counsel's opinion precluded the Board from assigning dual ratings for bilateral tinnitus under the pre-June 2003 versions of DC 6260. *Id*.

### B. Retroactivity and the BVA's Application of the June 2003 Version of DC 6260 to Appellants' Claims

The Court is required to decide whether the June 2003 amendment to DC 6260 may be applied to the appellants' rating-increase claims for bilateral tinnitus that were pending at VA when the June 2003 amended regulation went into effect. The question of whether to grant retroactive application of law is a question of statutory interpretation. *See Mason Gen. Hosp. v. Sec'y of Health & Human Servs.*, 808 F.2d 1220, 1224 (6th Cir. 1987); *Daughters of Miriam Cntrs. for the Aged v. Matthews*, 590 F.2d 1250, 1259 (3rd Cir. 1978); *Retail, Wholesale and Dep't Store Union v. NLRB*, 466 F.2d 380, 390 (D.C. Cir. 1972). Matters involving statutory interpretation are questions of law that the Court reviews de novo. *Debeaord v. Principi*, 18 Vet.App. 357, 363 (2004). An administrative agency does not have any particular expertise concerning the issue of retroactivity. *Mason, supra; Daughters, supra*. The extent to which a regulation should be given retroactive effect is governed by principles of law that have been developed by the courts. *Mason, supra; Daughters, supra*.

The U.S. Supreme Court has held that "retroactivity is not favored in the law," and therefore, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ*., 488 U.S. 204, 208 (1988). A regulation is not retroactive merely because it is applied in a case arising from conduct antedating the regulation's enactment. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994). Rather, a regulation is deemed to have retroactive effect when it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280; *see id*. at 282 (holding that application of the compensatory and punitive damages provisions in the Civil Rights Act of 1991 to conduct occurring before the effective date of the law would operate retroactively because it would impose

5

new legal burdens and increase liability for past conduct); *Rodriguez v. Nicholson*, 19 Vet.App. 275, 287 (2005) (holding that application of an amendment to 38 C.F.R. § 3.22 that barred hypothetical entitlement to 38 U.S.C. § 1318 claims, which was promulgated while the appellant's dependency and indemnity compensation (DIC) claim was pending at VA, would have a retroactive effect because it would take away the appellant's substantive right to DIC benefits that existed at the time the regulation was promulgated).

The appellants argue that the Board's application of the June 2003 version of DC 6260 to their claims constituted an impermissible retroactive application of the June 2003 amendment under *Landgraf* and *Rodriguez* because the amendment extinguished rights to separate ratings for bilateral tinnitus that they had at the time that they filed their claims. Appellants' Supplemental Brief (Suppl. Br.) at 10-11. The Secretary counters that there was no impermissible retroactive effect in applying the 2003 version of DC 6260 to the appellants' claims because the amendment to DC 6260 did not extinguish any substantive right. *See* Secretary's Suppl. Br. at 3-4. The Secretary argues that at the time the appellants filed their claims, VA did not recognize entitlement to separate disability ratings for bilateral tinnitus. *Id*. The Secretary contends that the right to separate disability ratings for tinnitus did not exist until after the appellants' BVA decisions were on appeal to this Court, when the decision in *Smith* was issued. *Id*. He states that "only by creating a fiction that the holdings in *Smith* applied at the time [the a]ppellants' claims were pending prior to June 2003," would application of the June 2003 amendment have retroactive effect. *Id*. The Secretary asserts that the instant cases are in sharp contrast to *Rodriguez,* where the substantive right at issue – the right to "hypothetical" entitlement to DIC claims under 38 U.S.C. § 1318 – was in existence at the time that VA amended the regulation that extinguished that right. *Id*.

The Secretary's argument is unavailing. *Smith* involved the Court's construction of VA regulations DC 6260 and 38 C.F.R. § 4.25(b). The theory underlying judicial interpretation of a statute is that a Court's interpretation of a statute "explain[s] its understanding of what the statute has meant continuously since the date when it became law." *Rivers v. Roadway Express*, 511 U.S. 298, 312 (1994) (holding that the Supreme Court's 1989 interpretation of the phrase "make and enforce contracts" in the Civil Rights Act of 1866 was the authoritative interpretation of what that phrase meant prior to a legislative change in 1991). Thus, the Secretary is not accurate in stating

6

that *Smith* created a right to separate disability ratings for each ear for bilateral tinnitus that did not exist prior to the Court's decision in that case. Rather, *Smith* decided what the pre-June 2003 versions of DC 6260 have always meant.

Additionally, the Secretary's contention that the appellants' substantive right to separate disability ratings for each ear for bilateral tinnitus did not exist prior to the Court decision in *Smith* fails to take into account a fundamental principle of American jurisprudence that, while statutes operate prospectively, judicial decisions operate retrospectively. *Rivers*, 511 U.S. at 311. Therefore, the holding in *Smith* represents this Court's controlling interpretation of the pre-June 2003 versions of DC 6260 and must be given full retroactive effect in all cases that are still open on direct review, such as the appellants', regardless of whether the events involved predated the Court's announcement of the rule of law. *Rivers*, *supra; Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 95 (1993) (holding that the Supreme Court rule of law that invalidated a state practice of giving preferential tax treatment to state employees and not to federal employees was a controlling statement of Federal law that should have been applied retrospectively)*; James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 544 (1991) (holding that a Supreme Court ruling invalidating excise tax that favored Georgia-grown alcoholic products applied retrospectively to all others not barred by procedural requirements or res judicata); *Brewer v. West,* 11 Vet.App. 228, 232-33 (1998) (holding that retroactive effect must be given to Court opinions regarding elements of a well-grounded claim).

In view of the Court's interpretation in *Smith, supra*, of DC 6260 and its relationship to 38 C.F.R § 4.25(b) as allowing for separate ratings for bilateral tinnitus, the Court holds that the appellants had a substantive right, at the time that their claims were filed and pending before VA, when the June 2003 amendment to DC 6260 became effective. To apply the June 2003 amendment to the appellants' claims would take from the appellants a substantive right that existed at the time the June 2003 regulation became effective. Accordingly, VA's application of amended DC 6260 to the appellants' claims had a "retroactive effect." *See Landgraf*, *supra, Rodriguez, supra*.

Having concluded that the Board's application of the June 2003 version of DC 6260 to the appellants' claims had a retroactive effect, the Court must decide whether VA had the power to

7

promulgate a rule with retroactive effect. As a general rule, a statutory grant of rulemaking authority to an administrative agency does not encompass the power to promulgate retroactive rules unless that power is conveyed by Congress expressly. *Bowen*, 488 U.S. at 208 (holding invalid a 1984 Heath and Human Services cost-limit regulation for medicare reimbursement made retroactive to July 1981 because the agency had no express power to enact such a retroactive regulation). In *Rodriguez, supra*, this Court held that VA's general rulemaking authority, found in 38 U.S.C. § 501, does not provide the Secretary of Veterans Affairs with express authority to promulgate a retroactive regulation. *See also* VA G.C. Prec. 7-2003, at para. 24 (Nov. 19, 2003) (holding that the Secretary lacks general authority to make a restrictive regulation apply retroactively except to the "extent [that] doing so will benefit rather than burden claimants"). *Rodriguez* noted that "even the slightest retroactive effect would be questionable." *Rodriguez, supra*. Here, the retroactive effect would be substantial, not slight, as application of the June 2003 amendment to the appellants' claims took away a right, then in existence, to separate disability ratings for each ear for bilateral tinnitus. Based on the foregoing, the Court holds that the Secretary's retroactive application of the June 2003 amendment to DC 6260 to the appellants' claims was improper, and we will thus reverse the Board determinations and remand the matters for readjudication consistent with this opinion.

**CONCLUSION**

On the basis of the foregoing analysis, the Court AFFIRMS the November 21, 2003, Board decision with regard to Mr. Stolasz's claim for entitlement to an initial compensable rating for bilateral hearing loss; REVERSES the November 21, 2003, Board decision to the extent that it determined that Mr. Stolasz was not entitled to separate disability ratings for each ear for his service-connected bilateral tinnitus; and REMANDS that matter for expeditious issuance of a decision consistent with this opinion. With regard to Mr. Anderson, the Court REVERSES the December 23, 2003, Board decision that Mr. Anderson was not entitled to separate disability ratings for each ear for his service-connected bilateral tinnitus and REMANDS that matter for expeditious issuance of a decision consistent with this opinion.