Citation Nr: 1508852 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 06-11 062 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Manchester, New Hampshire


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

The Appellant-Widow


ATTORNEY FOR THE BOARD

J. Smith, Counsel


INTRODUCTION

The Veteran served on active duty from August 1948 to May 1952 and received the Combat Infantryman Badge and Purple Heart Medal. He died in September 2004. The appellant is his surviving spouse, so widow. She appealed to the Board of Veterans' Appeals (Board/BVA) from a March 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manchester, New Hampshire, which denied her claims for service connection for the cause of the Veteran's death (one basis for Dependency and Indemnity Compensation (DIC)) and for DIC benefits alternatively under 38 U.S.C.A. § 1318. 

In January 2007, as support for these claims, the appellant testified at a videoconference hearing before the undersigned Veterans Law Judge of the Board.

Subsequently, in September 2007, the Board issued a decision denying these claims, and the Appellant appealed to the U.S. Court of Appeals for Veterans Claims (Court/CAVC).

In a November 2009 Single Judge Memorandum Decision, the Court vacated the portion of the Board's decision that had denied service connection for the cause of the Veteran's death. The Court remanded this claim to the Board for further development and readjudication consistent with its decision. Regarding the claim for DIC under 38 U.S.C.A. § 1318, the Court deemed that claim had been abandoned in the absence of any dispute of the Board's decision denying that claim. See Ford v. Gober, 10 Vet. App. 531, 535 (1997) (claims not argued on appeal are deemed abandoned); Bucklinger v. Brown, 5 Vet. App. 435, 436 (1993). In August 2010, the Board remanded the remaining cause-of-death claim to the RO for further development and consideration - in particular, to try and obtain other volumes of the claims file (c-file) that at the time apparently were missing and to have a physician review the file and provide a medical opinion indicating the likelihood (very likely, as likely as not, or unlikely) that the Veteran's service-connected status post hemothorax of the right lung or medications used to treat this disability either had caused or contributed substantially or materially to his death. 

In February 2012, because of the Appellant-widow's age, the Board advanced this appeal on the docket pursuant to 38 U.S.C.A. § 7107(a)(2) and 38 C.F.R. § 20.900(c). 

In June 2012, the Board found that the medical opinion obtained in response to the last remand was inadequate, and resultantly again remanded the cause-of-death claim to the RO for still further development and consideration. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (indicating a claimant is entitled to compliance with remand directives, as a matter of law, and that the Board itself commits error in failing to ensure this compliance). 

But in March 2013, after receiving the file back from remand, the Board again denied this cause-of-death claim, and in response the Appellant again appealed to the Court.

In October 2014, the Court issued another Single Judge Memorandum Decision, this time vacating the Board's more recent March 2013 decision. The Court again remanded the claim to the Board for still further development and readjudication consistent with its more recent Single Judge Memorandum Decision. The Board consequently is again remanding this cause-of-death claim to the Agency of Original Jurisdiction (AOJ).

In February 2015, so even since receiving this case back from the Court, the Board received notice that the Appellant had revoked the power of representation that previously was in favor of the Disabled American Veterans (DAV) to represent her before VA, appointing instead Mr. Robert V. Chisholm, a private attorney, to continue his representation of her before VA as he did before the Court. A VA Form 21-22a also was submitted confirming this change in representation before VA. The appointment was timely made within 90 days of notice of certification of the appeal to the Board, in accordance with 38 C.F.R. 20.1304 (stating that an appellant has "90 days following the mailing of notice to them that an appeal has been certified to the Board for appellate review and that the appellate record has been transferred to the Board, or until the date the appellate decision is promulgated by the Board ..., whichever comes first, during which they may submit a... request for a change in representation.")

Consider also that a portion of the Appellant's and her late husband-Veteran's records are being maintained electronically in the Virtual VA system and Veterans Benefits Management System (VBMS). Instead of paper, a highly secured electronic repository is used to store and review every document involved in the claims process. The use of this system allows VA to leverage information technology in order to more quickly and accurately decide claims for benefits. Therefore, all future consideration of this Appellant's claim should take into consideration the existence of these electronic records.


REMAND

As already alluded to, in October 2014 the Court vacated the Board's most recent March 2013 decision again denying this cause-of-death claim. In doing so, the Court addressed two primary deficiencies in the Board's most recent decision.

First, the Court determined that language contained in a June 2012 Board remand may have biased a subsequent July 2012 VA examiner's opinion. In the June 2012 remand, the Board requested a more clear and complete rationale from a prior January 2011 VA examiner using inquiries pertinent to the examiner's previous findings. The Court noted that the Board did not request a new opinion, but sought to "bolster the rationale of the negative 2011 opinion," and construed this as the Board "dictat[ing] the answer it wished to receive from the physician." Memorandum Decision, p.7. The Court found that the Board's instruction was "impermissibly biased." Id.

Second, the Court found that the July 2012 VA medical opinion on which the Board had relied in its March 2013 decision was inadequate because, while the examiner opined on whether the treatment for the Veteran's service-connected lung condition was related to his death, he failed to opine on the likelihood that the lung condition itself contributed to the Veteran's death, contrary to a prior remand instruction by the Board in August 2010. Memorandum Decision, p. 7. The Court further found that the medical opinion employed an incorrect legal standard by framing the response using, "the claimed condition is less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's service[-]connected condition," rather than whether the Veteran's service-connected lung condition "contributed substantially or materially" to death, "combined to cause death," or "aided or lent assistance to the production of death." Id. at 8. 

The Court additionally found that the July 2012 VA medical opinion contained a typographical error, creating some confusion on the issue of whether the Veteran's pulmonary hypertension resulted from his service-connected lung condition. This is of significance because the diuretic medication the Veteran had been taking, which could have caused dizziness leading to the fatal fall, may have been prescribed to treat not only his non-service connected heart disease, but also his pulmonary hypertension. Memorandum Decision, p. 8.


Accordingly, this claim is again REMANDED for the following additional development and consideration:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain a new medical nexus opinion concerning the cause of the Veteran's death. The claims file, including a complete copy of this remand, must be made available for review of his pertinent medical and other history.

The examiner must discuss the underlying rationale for all opinions expressed, whether favorable or unfavorable to this claim, if necessary citing to specific evidence in the file supporting conclusions.

The examiner should provide medical opinions responsive to the following:

(A) Indicate the likelihood (very likely, as likely as not, or unlikely) that the Veteran's service-connected lung condition itself, without regard to any medication used to treat the condition, contributed substantially or materially to his death, combined to cause death, or especially aided or lent assistance to the production of death. 

(B) Indicate the likelihood (very likely, as likely as not, or unlikely) that any medication or treatment for the Veteran's service-connected lung condition contributed substantially or materially to death, combined to cause death, or especially aided or lent assistance to the production of death. 

(C) Indicate the likelihood (very likely, as likely as not, or unlikely) that the Veteran's pulmonary hypertension was caused or aggravated by his service-connected lung condition.

If the Veteran's pulmonary hypertension was caused or aggravated by his service-connected lung condition, indicate the likelihood (very likely, as likely as not, or unlikely) that any medication used to treat the Veteran's pulmonary hypertension contributed substantially or materially to his death, combined to cause death, or especially aided or lent assistance to the production of death. 

2. Then readjudicate this cause-of-death claim in light of this and all other additional evidence. If this claim continues to be denied, send the appellant and her attorney a supplemental statement of the case (SSOC) and give them an opportunity to submit additional evidence and/or argument in response to it before returning the file to the Board for further appellate consideration of this claim.

The appellant has the right to submit additional evidence and argument concerning this claim the Board is remanding. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
KEITH W. ALLEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).