Citation Nr: 1722254 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 10-30 449 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a psychiatric disability to include, posttraumatic stress disorder (PTSD) and schizophrenia, multiple episodes, in partial remission with medications ("hereinafter" schizophrenia).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Teague, Associate Counsel

INTRODUCTION

The Veteran, who is the appellant, served on active duty in the United States Army, from August 1990 to July 1994. The Veteran received the Southwest Asia Service Medal and Kuwait Liberation Medal, among other decorations, for this service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the Cleveland, Ohio, Regional Office (RO) which denied service connection for PTSD. This appeal was processed using both the Virtual VA paperless claims processing system and the Veterans Benefits Management System (VBMS). Accordingly, any future review of this case should take into consideration the existence of this electronic record.

In February 2011, the Veteran testified before the undersigned Veteran's Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran's electronic claims.

In February 2014 and May 2016, the Board remanded this matter to the Agency of Original Jurisdiction (AOJ) for further development. The requested actions for each Board Remand have been completed by the AOJ with no further action necessary to comply with the Board's remand directives; the case is once again before the Board for appellate consideration of the issue on appeal. Stegall v. West, 11 Vet. App. 268 (1998). A discussion of the AOJ's compliance with each Board Remand is included in the Duties to Notify and Assist section below.


FINDINGS OF FACT

1. The Veterans currently diagnosed schizophrenia did not manifest during service and was not caused by any in-service disease, injury, or event during service.

2. Symptoms of schizophrenia were not chronic in service, were not continuous since service, and did not manifest to a compensable degree within one year of service separation.
3. There is no diagnosis of PTSD in accordance with the American Psychiatric Association Diagnostic and Statistical Manual for Mental Disorders, 4th ed., that is related to a verified stressor event or related to the Veteran's fear of hostile military or terrorist activity.


CONCLUSION OF LAW

The criteria for service connection for a psychiatric disorder, including PTSD, have not been met. 38 U.S.C.A. §§ 110; 1112 , 1113, 1131, 1154, 5107(b) (West 2015); 38 C.F.R. §§ 3.102 , 3.103, 3.159, 3.303, 3.304(f), 3.306, 3.307, 3.309, 3.310 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating a claim for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2016). VCAA notice consistent with 38 U.S.C.A. 
§ 5103(a) and 38 C.F.R. § 3.159(b) must (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. VCAA notice requirements apply to all five elements of a service connection claim (1) veteran status; (2) existence of disability; (3) connection between service and the disability; (4) degree of disability; and 
(5) effective date of benefits where a claim is granted. Dingess v. Nicholson, 
19 Vet. App. 473, 484 (2006).

In a June 2008 notice letter sent prior to the initial denial of the claim, the RO provided timely notice to the Veteran regarding what information and evidence is needed to substantiate a claim for service connection, as well as what information and evidence must be submitted by the Veteran, and what evidence VA would obtain.

VA has also complied with the duty to assist by aiding in obtaining evidence. All known and available records relevant to the pending appeal have been obtained and are associated with the Veteran's electronic claims file. The RO has obtained the Veteran's service treatment records, as well as VA and private treatment records. 

The February 2014 Board Remand ordered the AOJ to inform the Veteran of changes to the laws governing service connection for PTSD and to provide the Veteran with a VA examination to determine the nature and etiology of any psychiatric disability. In March 2014, the AOJ sent the Veteran the appropriate notice regarding service connection for PTSD. In April 2014, the Veteran underwent a VA psychiatric examination.

The May 2016 Board Remand ordered the AOJ to associate the Veteran's VA treatment records with the Veteran's electronic claims file and to obtain and addendum opinion to the April 2014 VA examination. The Veteran's VA treatment records were associated with the Veteran's claims file and addendum medical opinions were obtained in June 2016 and January 2017.

As stated above, the Veteran was afforded a VA medical examination in April 2014 and addendum medical opinions to that examination were obtained in June 2016 and January 2017. 38 C.F.R. § 3.159(c)(4) (2015); Stegall, 11 Vet. App. at 268. When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the VA examination reports, taken together, are thorough and adequate and provide a sound basis upon which to base a decision with regard to the issue adjudicated in this decision. The opinions, as a whole, consider all the pertinent evidence of record, to include the statements of the Veteran, and provide rationales for the opinions stated. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion as to the issue of service connection for a psychiatric disability has been met. 
38 C.F.R. § 3.159(c)(4). A further discussion of the adequacy of the VA examinations is discussed in the Service Connection section below.

Hence, VA has provided assistance to the Veteran as required under 38 U.S.C.A. §§ 5103a, 5103A, 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. The Veteran has not made the RO or the Board aware of any additional evidence that needs to be obtained in order to fairly decide the appeal. Mayfield v. Nicholson, 444 F. 3d 1328 (Fed. Cir. 2006). As such, no further notice or assistance is required to fulfill VA's duties to notify and assist the Veteran in the development of the appeal adjudicated herein.

Service Connection Laws and Regulation

The Veteran has asserted entitlement to service connection for posttraumatic stress disorder (PTSD). However, given the various diagnoses given by mental health professionals during the course of the appeal, the claim has been recharachterized as seeking service connection for a psychiatric disability, to include PTSD and schizophrenia. See Clemons v. Shinseki, 23 Vet. App. 1, 6 (2009) (stating that it "is generally the province of medical professionals to diagnose or label a mental condition, not the claimant").

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. 
§§ 1110 , 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996). 

Where the evidence shows a "chronic disease" in service or "continuity of symptoms" after service, the disease shall be presumed to have been incurred in service. For the showing of "chronic" disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of "continuity of symptoms" after service is required for service connection. 38 C.F.R. § 3.303 (b); Walker v. Shinseki, 708 F.3d 1331 
(Fed. Cir. 2013).

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. Psychoses are among the listed diseases for which this presumption is warranted. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). 38 C.F.R. § 3.384 defines psychosis as including a brief psychotic disorder, delusional disorder, psychotic disorder due to general medical condition, psychotic disorder, not otherwise specified, schizoaffective disorder, schizophrenia, schizophreniform disorder, shared psychotic disorder, and substance-induced psychotic disorder. 38 C.F.R. § 3.384. While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id. 

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (conforming to the American Psychiatric Association 's Diagnostic and Statistical Manual of Mental Disorders (DSM)); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

The evidence necessary to establish the occurrence of a stressor during service to support a diagnosis of PTSD will vary depending upon the circumstances of the case. VA has provided for specific types of cases where lay evidence alone may be sufficient to describe the stressor and further corroborating evidence will not be required. Corroborating evidence is not required in cases where (1) PTSD is diagnosed in service; (2) the evidence establishes the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat; (3) the stressor is related to the Veteran's fear of hostile military or terrorist activity; and (4) the evidence establishes that the Veteran was a prisoner-of-war and the stressor is related to that prisoner-of-war experience. 38 C.F.R. § 3.304 (f)(1), (f)(2), (f)(3), (f)(4). In any of the above situations, the Veteran's lay testimony or statement is accepted as conclusive evidence of the stressor's occurrence and no further development or corroborative evidence is required providing that such testimony is found to be consistent with the circumstances, conditions, or hardships of service and there is no clear and convincing evidence to the contrary. See 38 U.S.C.A. 
§ 1154 (b); 38 C.F.R. § 3.304(f)(1), (f)(2), (f)(4).

For purposes of this section, "fear of hostile military or terrorist activity" means that "a Veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the Veteran or others, such as from an actual or potential improvised explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the Veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror." Id.

Congress has specifically limited entitlement for service-connected disease or injury to cases where such incidents have resulted in disability. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141 (1992); Gilpin v. Brown, 155 F.3d 1353 (Fed. Cir. 1998). A current disability means a disability shown by competent evidence to exist. Chelte v. Brown, 10 Vet. App. 268 (1997). The most fundamental requirement for any claim for service connection is current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (indicating VA compensation only may be awarded to an applicant who has disability existing on the date of application, not for past disability); but see McClain v. Nicholson, 21 Vet. App. 319 (2007) (further clarifying that this requirement of current disability is satisfied when the claimant has the disability at the time the claim for VA disability compensation is filed or during the pendency of the claim and that a claimant may be granted service connection even though the disability resolves prior to VA's adjudication of the claim).

Service Connection for a Psychiatric Disability

The Veteran seeks service connection for a psychiatric disability. As an initial matter, the Board finds that the Veteran has a current disability, diagnosed as schizophrenia. Specifically, the April 2014 VA examiner diagnosed the Veteran with schizophrenia, multiple episodes, in partial remission with medications. After considering the entire record, the Board finds the preponderance of the evidence is against the claim for service connection.

The Veteran's entrance examination is silent for any psychiatric disabilities. The Veteran reported no symptoms and sought no treatment for a psychiatric disability during service.

In July 1997, the Veteran underwent a VA mental health assessment and was given a diagnosis of provisional posttraumatic stress disorder, dysthymia, panic disorder, rule out thought disorder, and rule out schizotypal personality disorder. An Axis III diagnosis was deferred. The VA examiner stated that the Veteran "appeared to meet part of the criteria for post traumatic stress disorder" and recommended he continue his current medication and return to his provider.

In November 2007, the Veteran was admitted for in-patient psychiatric care at the Brecksville VANPH after experiencing an agitated mood, symptoms of thought disorder and paranoid delusions. The Veteran was diagnosed with psychosis and schizophreniform disorder- paranoid type. A review of the Veteran's VA computerized medical records showed the Veteran had no contact with mental health providers in the recent past. The Veteran denied the diagnosis of schizophrenia and stated he had PTSD related to time in Iraq. In a Mental Health Consolation Note, the Veteran reported he was diagnosed with PTSD in 1996 at the Pittsburgh VAMC.

In May 2008, the Veteran filed for service connection for PTSD and indicated the disability began in April 1997. In July 2008, the Veteran submitted a stressor letter to support the claim. The Veteran described his experiences during the Gulf War, including a time when the equipment on an ammunition vehicle he worked on was taken. In August 2008, the Veteran provided a more detailed description of his service during the Gulf War. See August 2008 Statement In Support of Claim For Service Connection For Post-Traumatic Stress Disorder (PTSD).

In June 2010, the Veteran spoke to a VA Telepsychiatry Nurse Practitioner. The Veteran denied depression but that in the past month the walls had changed colors on him. The VA Telepsychiatry Nurse Practioner noted the Veteran's primary diagnoses were depression and anxiety.

In August 2010, the Veteran reported cognitive problems and was seen by the VA neuropshychology department. The Veteran denied depression, anxiety, mania, or psychosis. The VA examiner diagnosed the Veteran with major depressive disorder, by history, and deferred an Axis II diagnosis.

In February 2014, the Board remanded the claim so that the Veteran could be informed of recent changes in the law regarding PTSD claims and so that he could be afforded a VA examination. 

In April 2014, the Veteran underwent a VA examination to determine the nature and etiology of any psychiatric disabilities. The VA examiner diagnosed the veteran with schizophrenia, multiple episodes, in partial remission with medications. The VA examiner found the Veteran did not have a PTSD diagnosis under the criteria set forth in the DSM-IV. After a thorough review of the record, including the Veteran's VA treatment records from 1997-2014, the VA examiner found that there were no records to support a previous diagnosis of PTSD. The VA examiner opined the Veteran's schizophrenia did not manifest in service, nor was it causally or etiologically related to his military service.

In May 2016, the Board again remanded the claim so that the Veterans VA medical records could be associated with the electronic claims file. The Board also determined that an addendum medical opinion was necessary because the April 2014 VA examiner failed to provide adequate rationale for the opinion provided during the examination.

In June 2016, the VA examiner who conducted the April 2014 examination provided the requested addendum opinion. The VA examiner found the Veteran's schizophrenia was less likely than not incurred in or caused by the Veteran's claimed in-service injury, event or illness. The VA examiner supported the finding by noting that the Veteran was never evaluated or treated for any psychiatric symptoms while in service. The Veteran then sought an evaluation through the VA in 1997. The VA examiner found the Veteran's symptoms associated with schizophrenia were clearly evident in 2007 when the Veteran began to encounter auditor and visual hallucinations, suicidal thoughts, and paranoia.

In January 2017, an additional VA medical opinion was obtained to determine whether any of the Veteran's diagnosed conditions during the appeal period were causally or etiologically related to military service. The VA examiner reviewed the Veteran's claims file and addressed each diagnosis. The VA examiner stated that unspecified psychotic disorder, is diagnosed when an individual exhibits symptoms characteristic of disorders within the diagnostic class of schizophrenia spectrum and psychotic disorders, without meeting the criteria for a disorder with the diagnostic class. The VA examiner next said that the term psychosis is a general term and not a DSM-5 diagnosis. The VA examiner added that the Veteran's current diagnosis of schizophrenia rendered the conditions of psychosis and unspecified psychotic disorder unnecessary.

Next, the VA examiner addressed the June 2010 VA psychiatric nurse practitioner's impressions of depression and anxiety after documenting the psychological stressors that were unrelated to military service. The VA examiner first noted that nurse practitioner's do not have privileges within the VA system to make clinical psychiatric diagnoses. The VA examiner then added that over the past two years, the Veteran has consistently denied depression and anxiety and it appeared that the Veteran did not currently meet the criteria for either.

After a careful review of the evidence, the Board has determined that the Veteran has not been diagnosed with PTSD and as such, service connection is not warranted. Specifically, the only reference by a medical professional in the record is a July 1997 diagnosis of provisional posttraumatic stress disorder, where Axis III was deferred for a later time. The VA examiner conducting the examination reviewed the claims file and clearly stated that the Veteran "appeared to meet part of the criteria for post traumatic stress disorder" but never given a formal diagnosis. His diagnosis was supported by a rationale and is highly probative. 

Subsequent references to PTSD in the record were self-reported by the Veteran and, as such, no diagnosis has been rendered. With regard to the actual diagnosis of PTSD, lay persons are not categorically incompetent to speak on matters of medical diagnosis or etiology. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). The Board must consider the type of condition specifically claimed and whether it is readily amenable to lay diagnosis or probative comment on etiology. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). In this regard, the Federal Circuit recently held that "PTSD is not the type of medical condition that lay evidence...is competent and sufficient to identify." Young v. McDonald, 766 F.3d 1348, 1352-53 (Fed. Cir. 2014). Regardless, the Board acknowledges the Veteran is competent to report psychiatric symptoms both during and after service. See 38 C.F.R. § 3.159 (a)(2); Jandreau, 492 F.3d at 1377 (discussing that Veteran is competent to report a contemporaneous medical diagnosis); Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (discussing general competency of a Veteran to report psychiatric symptoms). However, as he has not demonstrated he has the knowledge or expertise to render a diagnosis of PTSD, his statements asserting that he has such a diagnosis are not competent. 

The Board does not doubt the Veteran's belief that he has PTSD as a result of his service, but finds there is no competent medical evidence or opinion to corroborate this contention. See 38 C.F.R. § 3.159 (a)(1) (competent medical evidence means evidence provided by a person who is qualified through education, training or experience to offer medical diagnoses, statements, or opinions). Unfortunately, given the VA examination opinions as outlined above, the Board finds that service connection for PTSD is precluded because the evidence does not reflect such a diagnosis; in order for service connection for PTSD to be granted, a current diagnosis of PTSD is required. 38 C.F.R. §§ 3.303, 3.304, 4.125; Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Board finds the preponderance of the evidence is against the Veteran's service connection claim for PTSD. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Turning next the Veteran's currently diagnosed schizophrenia, the evidence demonstrates that the Veteran sought mental health treatment in 1997, three years after service, and then again in 2007. Therefore, the Board first finds that symptoms of the Veteran's schizophrenia have not been continuous since service separation and did not manifest within one year of service separation, including to a compensable degree. See 38 C.F.R. § 3.309(a). The evidence in this case shows that there are over three years between service separation in July 1994 and the first reports of mental health symptoms when the Veteran sought treatment in July 1997. See Buchanan v. Nicholson, 451 F.3d 1336 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible); see also Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and complaint of a claimed disability is one factor to consider as evidence against a claim of service connection). Further, the Veteran did not receive a diagnosis of schizophrenia until November 2007 after seeking further treatment following a return of symptoms.

Because three years passed before the Veteran reported any mental health symptoms, over a decade passed between service separation and the first diagnosis of schizophrenia, and because the Veteran neither contends nor is there evidence indicating continuous symptoms of schizophrenia after service separation, the weight of the evidence is against finding that there were continuous symptoms of schizophrenia since service (to meet the presumptive service connection criteria at 38 C.F.R. § 3.303(b)), to include to a compensable degree within the first year after service separation). As such, the evidence also does not show that the Veteran's schizophrenia manifested to a compensable degree (i.e., at least 10 percent) within one year of service separation in 1994; therefore, presumptive service connection under the provisions of 38 C.F.R. §§ 3.307 and 3.309 for a psychosis manifesting to a degree of 10 percent within one year of service is not warranted.

On the question of direct nexus between a current schizophrenia and service, the Board finds that the weight of the evidence is against the finding that the Veteran's schizophrenia is causally related to service. In April 2014, the Veteran underwent a VA examination to determine the nature and etiology of any psychiatric disabilities. The VA examiner diagnosed the veteran with schizophrenia, multiple episodes, in partial remission with medications. The VA examiner opined the Veteran's schizophrenia did not manifest in service, nor was it causally or etiologically related to his military service. In June 2016, the VA examiner who conducted the April 2014 examination provided an addendum opinion that found the Veteran's schizophrenia was less likely than not incurred in or caused by the Veteran's claimed in-service injury, event or illness. The VA examiner supported the finding by noting that the Veteran was never evaluated or treated for any psychiatric symptoms while in service. The VA examiner added that the Veteran's symptoms associated with schizophrenia were clearly evident in 2007 when the Veteran began to encounter auditor and visual hallucinations, suicidal thoughts, and paranoia.

Finally, a January 2017 VA medical opinion determined that other conditions noted in the Veteran's treatment records during the appeal period were not causally or etiologically related to military service. In fact, the VA examiner stated that, unspecified psychotic disorder, is diagnosed when an individual exhibits symptoms characteristic of disorders within the diagnostic class of schizophrenia spectrum and psychotic disorders, without meeting the criteria for a disorder with the diagnostic class. The VA examiner next said that the term psychosis is a general term and was not a DSM-5 diagnosis. The VA examiner added that the Veteran's current diagnosis of schizophrenia rendered the conditions of psychosis and unspecified psychotic disorder unnecessary.

Finally, the VA examiner addressed the June 2010 VA psychiatric nurse practitioner's impressions of depression and anxiety after documenting psychological stressor that were unrelated to military service. The VA examiner first noted that nurse practitioner's do not have privileges within the VA system to make clinical psychiatric diagnoses. The VA examiner then added that over the past two years, the Veteran has consistently denied depression and anxiety and it appeared that the Veteran did not currently meet the criteria for either of them. As noted above, the examination and addendum opinions were based upon examination of the Veteran, consideration of lay statements and history, and review of the claims file. Furthermore, the examiners provided a rationale for the conclusion reached. The Board therefore finds the opinions to be highly probative. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

As such, the Board finds that the preponderance of the evidence is against the claim for service connection for a psychiatric disorder, to include PTSD and schizophrenia. Consequently, because a preponderance of the evidence is against the claim, the benefit of the doubt rule does not apply. Therefore, service connection for a psychiatric disorder is denied. See 38 C.F.R. §§ 3.102, 3.303.


ORDER

Service connection for a psychiatric disability, to include PTSD and schizophrenia is denied.


____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs