**Harry N. MILOSTAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–140.**

United States Court of Veterans Appeals.

Feb. 25, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Harry N. Milostan, appeals from an October 10, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying his claims for service-connected disability compensation for a back disorder, residuals of malaria, diabetes mellitus, arteriosclerosis, an acquired psychiatric disorder, and an eye disorder (claimed as ocular hypertension). *Harry N. Milostan*, BVA 91–____ (Oct. 10, 1991). The veteran has re-

quested oral argument. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will vacate the Board's decision and remand the matter for further development and readjudication. The Court will also deny the veteran's request for oral argument.

The veteran had qualifying service as a "Merchant Marine in the Oceangoing Service" from January 21 to August 15, 1945. R. at 53; *see* 38 C.F.R. § 3.7 ($\times$)(15) (1992) (service between December 7, 1941, and August 15, 1945, as a "Merchant Marine in Oceangoing Service" constitutes "active military service" for purposes of laws governing veterans benefits). Most of the records of the veteran's medical treatment from his period of qualifying service apparently cannot be located. R. at 63, 94. The evidence submitted in support of his claims includes an August 4, 1945, dental record indicating that one of the veteran's teeth had been extracted (R. at 32); a September 14, 1945, record indicating that the veteran had complained of stomach pain and diagnosing him with "neurosis G.I." (R. at 17); and 1988 private medical reports indicating that the veteran was suffering from chronic obstructive pulmonary disease, diabetes mellitus, severe carotid vascular disease, and ocular hypertension (R. at 55–57). Additionally, the veteran has testified under oath before a Department of Veterans Affairs (VA) regional office and the BVA as to the circumstances under which each of his claimed disabilities was incurred during his period of qualifying service. R. at 81–102; Supp.R. at 1–45.

The Board denied the veteran's claims on the ground that there was no evidence that the claimed disabilities were present during the veteran's period of qualifying service. *Milostan*, BVA 91–____, at 7–8. The

Board also denied his request for a physical examination for the claimed disabilities, stating that such an examination, many years after his period of qualifying service, "would have absolutely no probative value as to the onset of those disorders". *Id.* at 7.

When a claimant submits a well-grounded claim, VA has a duty, under 38 U.S.C.A. § 5107(a) (West 1991), to "assist such a claimant in developing the facts pertinent to the claim." *See Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). Furthermore, when a veteran's service medical records are unavailable, VA's duty to assist, and the Board's duty to provide reasons or bases for its findings and conclusions and to consider carefully the benefit-of-the-doubt rule (*see* 38 U.S.C.A. §§ 7104(d)(1), 5107(b) (West 1991)), are heightened. *See Moore (Howard) v. Derwinski,* 1 Vet.App. 401, 406 (1991); *O'Hare v. Derwinski,* 1 Vet.App. 365, 367 (1991).

Here, based on the available medical evidence and the veteran's sworn testimony, the Court holds that he has submitted well-grounded claims for service-connected disability compensation. In view of the unavailability of the veteran's service medical records, the duty to assist in this case in this case "includes the conduct of a thorough and contemporaneous medical examination, one which takes into account the records of prior medical treatment, so that the evaluation of the claimed disability will be a fully informed one.". *Green (Victor) v. Derwinski,* 1 Vet.App. 121, 123–24 (1991) (quoted in *Moore, supra*). The Court does not find that the Board's basis for denying such an examination because it would have "no probative value" is legally sufficient under the circumstances of this case; it is possible that the examination, along with the veteran's claims folder, will provide a sufficient basis upon which the examiner may express an opinion as to the causes of the veteran's disabilities and the question whether any of those disabilities are related to his qualifying service. On remand, the examiner should be instructed to address these matters to the extent feasible.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court summarily vacates the October 10, 1991, BVA decision and remands the matter to the Board for prompt further development consistent with this opinion and for prompt readjudication on the basis of all evidence of record and applicable law and regulation. *See* 38 U.S.C.A. § 7104(a) (West 1991); *Fletcher v. Derwinski,* 1 Vet. App. 394, 397 (1991). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant. The Court denies the veteran's motion for oral argument because it does not consider that oral argument would be helpful in this case and because the Court does not generally grant oral argument in cases involving pro se appellants.

VACATED AND REMANDED.