Citation Nr: 1454759 
Decision Date: 12/12/14 Archive Date: 12/17/14

DOCKET NO. 08-23 318 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for malaria. 

2. Entitlement to service connection for hepatitis. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Saira Spicknall, Counsel



INTRODUCTION

The Veteran served on active duty from July 1953 to June 1955.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2006 rating decision of the Houston, Texas Department of Veterans Affairs (VA) Regional Office (RO). 

During the pendency of this appeal, by a December 2012 rating decision, the RO granted the Veteran's claims for bilateral hearing loss and tinnitus, thereby constituting a full grant of these benefits sought on appeal. Thus, as these issues were granted in full they are not in appellate status before the Board and need not be addressed further.

This case was wholly processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems.

The issue of the Veteran's competency to handle disbursement of funds has been raised by the record in September 2014 statements by his sister and a private physician, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

There is no probative evidence demonstrating a current diagnosis of malaria, hepatitis or residuals thereof. 


CONCLUSIONS OF LAW

1. The criteria for the establishment of service connection for malaria are not met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. § 3.303 (2014).

2. The criteria for the establishment of service connection for hepatitis are not met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veterans Claims Assistance Act (VCAA)

VCAA notice consistent with 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1) (2014). To the extent possible, VCAA notice, as required by 38 U.S.C.A. § 5103(a) (West 2002), must be provided to a claimant before an initial unfavorable decision on a claim for VA benefits. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

The duty to notify was satisfied prior to the initial RO decision by way of a May 2006 letter sent to the Veteran. VA also has a duty to assist the Veteran in the development of the claims. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. All relevant evidence necessary for an equitable resolution of the issues on appeal has been identified and obtained, to the extent possible. The evidence of record includes VA medical records and statements from the Veteran. 

The Veteran's STRs are unavailable. When, as here, the Veteran's STRs are unavailable or incomplete, the Board's obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule is heightened. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991); Pruitt v. Derwinski, 2 Vet. App. 83, 85 (1992). See also Moore v. Derwinski, 1 Vet. App. 401 (1991) (holding that this heightened duty also includes the obligation to search for alternative records, such as by having the Veteran complete and return VA Form 13055 allowing for the search for evidence from the National Archives and Records Administration (NARA) or for extracts or other evidence from the Surgeon General's Office (SGO)). The legal standard for proving a claim is not lowered; rather, the Board's obligation to discuss and evaluate evidence is heightened. See Russo v. Brown, 9 Vet. App. 46 (1996). The case law does not establish a heightened "benefit of the doubt," only a heightened duty of the Board to consider the applicability of the benefit-of-the-doubt doctrine, to assist the claimant in developing the claim, and to explain its decision when a claimant's medical records have been lost or destroyed. See Ussery v. Brown, 8 Vet. App. 64 (1995). Thus, missing STRs, alone, while indeed unfortunate, do not obviate the need for the Veteran to still have competent and credible evidence supporting his claims for service connection by suggesting a correlation between this claimed conditions and his military service. See Milostan v. Brown, 4 Vet. App. 250, 252 (1993) (citing Moore, 1 Vet. App. at 406 and O'Hare, 1 Vet. App. at 367).

All efforts made by the RO to locate the STRs were unsuccessful. In a May 2006 response to a request for the Veteran's STRs, the National Personnel Records Center (NPRC) informed VA that the Veteran's record was fire related and there were no STRs or surgeon general reports. In August 2006, August 2010 and December 2012 letters, the RO informed the Veteran that his STRs were fire-related and therefore requested that he provide any other alternative ("substitute") records related to his service. No additional information regarding his service or STRs was received, although the Veteran reported in subsequent statements that he was treated for malaria and hepatitis in service. A Memorandum in which a Formal Finding of Unavailability of Service Treatment Records was issued by the RO in December 2012, detailing the attempts made to locate these records.

While the Veteran has not been provided a VA compensation examination concerning his claims for malaria and hepatitis, the Board finds that an examination and medical opinion are not needed to fairly decide these claims. See 38 U.S.C.A. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4). As the post-service medical records provide no indication of malaria, hepatitis or residuals, the Board has no grounds for having him undergo a VA examination for a medical nexus opinion concerning these claims. See Waters v. Shinseki, 601 F.3d 1274 (Fed. Cir. 2010); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

Accordingly, the Board finds that no prejudice to the Veteran will result from the adjudication of his claims in this Board decision. Rather, remanding this case to the RO for further VCAA development would be an essentially redundant exercise and would result only in additional delay with no benefit to the Veteran. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993); see also Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). 

There is no indication there exists any additional evidence that has a bearing on this case that has not been obtained and that is obtainable. The Veteran and his attorney have been accorded ample opportunity to present evidence and argument in support of this appeal. All pertinent due process requirements have been met. See 38 C.F.R. § 3.103 (2014).

Analysis

After a careful review of the record, the Board has determined, based upon the probative evidence of record, that service connection is not warranted for bilateral malaria or hepatitis. The probative evidence of record does not demonstrate a current diagnosis of either malaria, hepatitis or residuals thereof. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2014). In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004), citing Hansen v. Principi, 16 Vet. App. 110, 111 (2002); see also Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Caluza v. Brown, 7 Vet. App. 498 (1995).

The medical evidence of record, including VA medical records from January 2000 to August 2010, reflects that the Veteran does not have a current diagnosis of either malaria, hepatitis or residuals thereof. A January 2000 VA outpatient report reflects that the Veteran reported a history of a diagnosis in service of "malaria or hepatitis" but he reported that he "did not know" for certain what he had been treated for or diagnosed with in service. Subsequent VA medical records do not indicate any treatment or diagnoses of malaria, hepatitis or any residuals of these disabilities. 

With respect to the lay statements by the Veteran, the Board observes that he is competent to report lay observable symptoms and treatment provided. See Jandreau, 492 F.3d 1372; see also Davidson, 581 F.3d 1313. However, he is not competent to specify that any reported symptoms are associated with a current disability of malaria, hepatitis or residuals thereof, as these would constitute medical conclusions which he is not competent to make. See Jandreau, 492 F.3d at 1377 n.4; Colantonio v. Shinseki, 606 F.3d 1378, 1382 (Fed.Cir.2010); Waters v. Shinseki, 601 F.3d 1274, 1278 (2010). 

VA compensation only may be awarded to an applicant who has disability existing on the date of application, not for past disability. See Degmetich v. Brown, 8 Vet. App. 208 (1995); 104 F.3d 1328 (1997). The requirement of a current disability is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of the claim, even if the disability resolves prior to VA's adjudication of the claim. See McClain v. Nicholson, 21 Vet. App. 319 , 312 (2007). The competent and probative evidence of record clearly demonstrates that the Veteran does not have a current diagnosis of malaria, hepatitis, or residuals thereof and has not been treated for either malaria, hepatitis or residuals thereof at any time during the pendency of his claim. 

Congress specifically limited entitlement for service-connected disease or injury cases where such incidents had resulted in disability. Brammer v. Derwinski, 3 Vet. App. 223 (1992); see also Rabideau v. Derwinski, 2 Vet. App. 141, 143 (1992); Gilpin v. Brown, 155 F.3d 1353 (Fed. Cir. 1998). A "current disability" means a disability shown by competent evidence to exist. Chelte v. Brown, 10 Vet. App. 268 (1997). The Federal Circuit Court observed that the structure of these statutes "provided strong evidence of congressional intent to restrict compensation to only presently existing conditions," and VA's interpretation of the law requiring a present disability for a grant of service connection was consistent with the statutory scheme. Degmetich, 104 F.3d at 1332; and see Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Simply put, in the absence of proof of present disability, namely malaria, hepatitis or residuals thereof, there can be no valid claim.

The Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims for service connection for malaria and hepatitis, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990). 


ORDER

Service connection for malaria is denied. 

Service connection for hepatitis is denied. 



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs