﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190131-2127
DATE: October 31, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for tinnitus denied.

FINDINGS OF FACT

1. The Veteran’s hearing loss did not manifest to a degree of 10 percent or more within one year of service separation nor is it related to service in any other way. 

2. The Veteran’s tinnitus did not manifest to a degree of 10 percent or more within one year of service separation nor is it related to service in any other way. 

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1137, 5107 (2014); 38 C.F.R. §§ 3.102, 3.303, 3.309, 3.385 (2018).

2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 5107 (2014); 38 C.F.R. §§ 3.102, 3.303 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1968 to January 1971.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran selected the Supplemental-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the January 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form in May 2018. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the January 2019 AMA decision, the AOJ determined that new and relevant evidence was received to warrant readjudicating the claim for service connection for bilateral hearing loss and tinnitus. The Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. As such, the Board need not adjudicate the reopening of the claim again and may proceed to the merits of the service connection claims.

1. Entitlement to service connection for hearing loss

2. Entitlement to service connection for tinnitus 

The Veteran claims he suffers from a hearing loss and tinnitus disability, specifically related to noise exposure during service. For the reasons discussed below, the Board finds that a medical nexus between the claimed disabilities and active service has not been demonstrated, and that service connection is not warranted.

Entitlement to service connection on a direct basis requires (1) evidence of current nonservice-connected disability; (2) evidence of in-service incurrence or aggravation of disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current nonservice-connected disability. 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

For specific enumerated diseases designated as “chronic” there is a presumption that such chronic disease was incurred in or aggravated by service even though there is no evidence of such chronic disease during the period of service. For the presumption to attach, the disease must have become manifest to a degree of 10 percent or more within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). 

Presumptive service connection for chronic diseases may alternatively be established by way of continuity of symptomatology under 38 C.F.R. § 3.303(b). However, the United States Court of Appeals for the Federal Circuit (Federal Circuit) has held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic in 38 C.F.R. § 3.309(a) Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The presumptive chronic diseases include organic disease of the nervous system, to include sensorineural hearing loss and tinnitus associated with acoustic trauma. See Fountain v. McDonald, 27 Vet. App. 258 (2016).

Service connection for impaired hearing shall only be established when hearing status as determined by audiometric testing meets specified pure tone and speech recognition criteria. Audiometric testing measures threshold hearing levels (in decibels) over a range of frequencies (in Hertz). Hensley v. Brown, 5 Vet. App. 155, 158 (1993). Impaired hearing will be considered to be a “disability” when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

When audiometric test results at separation from service do not meet the regulatory requirements for establishing a “disability” at that time, he or she may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

After the evidence has been assembled, it is the Board’s responsibility to evaluate the entire record. 38 U.S.C. § 7104(a) (West 2017). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107 (West 2017); 38 C.F.R. §§ 3.102, 4.3 (2017). A VA claimant need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

Turning to the evidence of record, in November 2005, VA treatment records reflected mild high frequency sensorineural loss above the 2000 hertz (hz.), for the right ear and normal hearing for VA purposes on the left. The Veteran reported a tinnitus onset of 3 to 4 years prior. An audiology student, W.C., opined the Veteran’s tinnitus was at least as likely as not caused by the military service based on the patient’s history of military noise exposure. No rationale was provided. 

In May 2009 VA treatment records the Veteran reported constant tinnitus beginning around year 2005. 

An October 2009 VA examination report indicated review of the Veteran’s claims file, recounted the Veteran’s history, and recited his complaints. The Veteran reported working near artillery noise in the military. He reported the hearing loss is not that noticeable and the tinnitus started a few years ago. The examination revealed pure tone thresholds as follows: 

 HERTZ

 500 1000 2000 3000 4000

RIGHT 25 25 25 40 55

LEFT 20 20 30 45 50

The speech discrimination scores were 92 percent for the right and 88 percent for the left ear. The examiner diagnosed the Veteran with bilateral moderate high frequency sensorineural hearing loss. He opined that the Veteran’s bilateral hearing loss and tinnitus was less likely as not caused by or a result of military noise exposure; and that the tinnitus is a symptom of hearing loss. The rationale was based on the fact that the Veteran reported tinnitus started a “few years ago.” Post service treatment records for November 2005 place tinnitus inception at 3 to 4 years prior. Post service records for November 2005 revealed normal puretone thresholds for the left ear and mild hearing loss in the 3000 and 4000 hz., for the right ear. The examiner noted that the fact that the Veteran had puretone thresholds of 30 in the 3000 hz., and a 35 in the 4000 hz., 38 years post service, suggest the hearing loss and tinnitus are more likely due to a 10 plus year history of occupational noise exposure as a welder and grinder. 

In August 2017 private audiological evaluation findings revealed bilateral moderate to severe sensorineural hearing loss. However, no etiological opinion was associated with this evidence.

The Board has reviewed all of the lay and medical evidence of record in conjunction with the applicable laws and regulations and finds the bilateral hearing loss and tinnitus are not related to service.

Initially, the Board notes in the January 2019 rating decision, the AOJ found bilateral sensorineural hearing loss was established by the VA examination conducted in October 2009. Also, an in-service event is confirmed based on service in Vietnam, a combat zone. Therefore, hazardous noise exposure is conceded. As noted above the Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. A such, the Board will focus on the third element of service connection which is evidence of a nexus between the in-service disease or injury and the current nonservice-connected disability.

In the January 2019 rating decision, the AOJ indicated service treatment records were not available for review. In these circumstances, when a Veteran’s STRs are unavailable through no fault of his own, VA’s duties to assist, to provide reasons and bases for its findings and conclusions, and to consider carefully the benefit-of-the-doubt rule are heightened. Milostan v. Brown, 4 Vet. App. 250, 252 (1993) (citing Moore v. Derwinski, 1 Vet. App. 401, 406 (1991) and O’Hare v. Derwinski, 1 Vet. App. 365, 367 (1991)). In this case an in-service event has been established, therefore, the Board finds, in accordance with these heightened duties, the Board has carefully reviewed the Veteran’s assertions regarding the events of service. 

Presumptive service connection is inapplicable because the bilateral hearing loss and tinnitus did not manifest to a degree of 10 percent or more within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). For the reasons set forth below in the analysis for direct service connection, the evidence does not show that the onset of hearing loss and tinnitus was within one year from the date of service separation; and with respect to continuity of symptomatology, the preponderance of the evidence demonstrates that there is no competent medical evidence or credible lay evidence of symptoms of hearing loss or tinnitus that have been continuous since separation from active service. The right ear hearing loss was diagnosed in November 2005 and bilateral hearing loss was diagnosed in October 2009. With regard to tinnitus, the Veteran’s December 2017 notice of disagreement indicated the onset was in service, however, in November 2005 VA treatment records he reported the onset as 3 to 4 years prior. 

The Board finds that the October 2009 VA audiological examination and opinion, discussed above, is the most probative evidence of record. The VA opinion is competent and probative medical evidence because it is factually accurate and is supported by an adequate rationale. The VA examiner interviewed and examined the Veteran, was informed of the pertinent evidence, reviewed the Veteran’s claims file, and fully articulated the opinion in the report. There are no contrary competent medical opinions of record, and the VA examiner’s opinion is supported by the post-service treatment records, which reveal documented normal hearing up until 2005 for the right ear and 2009 for the left ear. Additionally, the Veteran’s onset of tinnitus was 3 to 4 years prior to 2005. Therefore, the October 2009 VA opinion is the most probative evidence of record. 

Also, the Board finds that the opinion provided by the VA examiner in October 2009 is more probative than the November 2005 audiology student opinion and the Veteran’s lay assertions. The VA examiner has expertise, education, training, and provided a thorough examination and well explained rationale for the opinion. As such, his etiology opinion is afforded more weight. 

The Veteran is competent to report tinnitus because the effects are noticeable to a lay person, however he is not competent to report a nexus between the tinnitus and military service. See Crandall v. Shinseki, 2010 U.S. App. Vet. Claims 684 (2010); Barr v. Nicholson, 21 Vet. App. 303 (2007). While the Veteran may be competent to relate the onset of symptoms of tinnitus to service, his assertions on this point have been contradictory. In November 2005 he reported the onset of tinnitus at 3 to 4 years prior. The VA opinion from October 2009 is consistent with the reported onset. The assertion that he had an onset of tinnitus in service is inconsistent with his prior statements to doctors. 

The Board is obligated under 38 U.S.C. § 7104 (d) to analyze the credibility and probative value of all evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide reasons for its rejection of any material evidence favorable to the veteran. See, e.g., Eddy v. Brown, 9 Vet. App. 52 (1996); Meyer v. Brown, 9 Vet. App. 425 (1996); Gabrielson v. Brown, 7 Vet. App. 36 (1994).

In weighing the conflicting statements provided by the Veteran, the point in time in which the statement was made is important because a description of an event which is closer to the time that event allegedly occurred is naturally less likely to be affected by errors in memory. See Seng v. Holder, 584 F.3d 13, 19 (1st Cir. 2009) (noting that, notwithstanding the declarant’s intent to speak the truth, statement may lack credibility because of faulty memory). The 2005 statement was presented in the context of routine medical evaluation, and it seems likely that he would report events carefully and accurately. The “medical diagnosis or treatment” exception to the hearsay rule (Fed. R. Evid. 803) provides that “statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy since the declarant has a strong motive to tell the truth in order to receive proper care.” Recourse to the Federal Rules of Evidence is appropriate where they will assist in articulation of the Board of Veterans’ Appeals’ reasons. Rucker v. Brown, 10 Vet. App. 67 (1997). 

In contrast to the Veteran’s account in 2005, when the Veteran thereafter presented his account, he was seeking VA benefits rather than medical treatment. In his October 2009 VA examination he reported the onset of tinnitus at a “few years prior” however, in a December 2017 notice of disagreement he indicated the onset was in service. The Board is of course cognizant of possible self-interest which any veteran has in promoting a claim for monetary benefits. While the Board must consider all competent lay assertions, in determining the credibility of such assertions, the Board may properly consider the personal interest a claimant has in his or her own case. See Pond v. West, 12 Vet. App. 341, 345 (1999); and see Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) (interest may affect the credibility of testimony). Both statements are inconsistent and were made in the context of seeking VA benefits rather than medical treatment. Therefore, the Board finds they lack credibility. 

With respect to direct service connection and continuity of symptomatology the hearing loss and tinnitus did not manifest within a year from service. The Board finds that the preponderance of the evidence demonstrates that symptoms of hearing loss and tinnitus have not been continuous since separation from active service in January 1971. As noted above, the right hearing loss was not noted until November 2005 and the left, not until October 2009. 

Following separation from service in January 1971, the evidence of record does not show any complaints, diagnosis, or treatment for hearing loss or tinnitus until November 2005, 34 years after service. 

The absence of post-service complaints, findings, diagnosis, or treatment for the claimed disorder for 34 plus years after separation from service is one factor that tends to weigh against a finding of continuity of symptoms of hearing loss and tinnitus. See Buchanan v. Nicholson, 451 F.3d 1336 (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible). 

Additional evidence demonstrating that symptoms of hearing loss and tinnitus have not continued since service separation includes the Veteran reporting an onset of tinnitus 3 to 4 years prior to 2005. Audiological results did not reflect any form of hearing loss until November 2005, which was for the right ear only. 

The Board finds the November 2005 tinnitus etiology opinion from the audiology student, W.C., lacks probative value. There was no rationale for the opinion. The Court has held that a bare conclusion, even one reached by a health care professional, is not probative without a factual predicate in the record. Miller, 11 Vet. App. at 348. Additionally, the student does not have the qualifications to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

Accordingly, service connection for a hearing loss and tinnitus disability is denied. As the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not applicable. See 38 U.S.C.§5107(b); 38 C.F.R.§ 3.102; see also Gilbert, 1 Vet. App. at 53-56.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.