Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210119-136546
DATE: May 28, 2021

REMANDED

Entitlement to service connection for a lung disorder, to include asthma and/or chronic obstructive pulmonary disease (COPD), is remanded.

Entitlement to service connection for chronic lymphocytic leukemia is remanded.

Entitlement to service connection for colon polyps is remanded.

Entitlement to service connection for diabetes mellitus is remanded.

Entitlement to service connection for hyperlipidemia is remanded.

Entitlement to service connection for hypertension is remanded.

Entitlement to service connection for an eye disorder, to include nuclear sclerosis, is remanded.

Entitlement to service connection for arrhythmia, to include premature ventricular contraction, is remanded.

Entitlement to service connection for transient ischemic attack is remanded.

REASONS FOR REMAND

The Veteran served on active duty from April 1964 to December 1966.

The appellant is a veteran (the Veteran) who had active duty service from September 1972 to May 1975. 

This appeal comes before the Board of Veterans' Appeals (Board) from an August 2018 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran opted-in to the Appeals Modernization Act (AMA) framework following the issuance of a Statement of the Case in May 2020. She elected the evidence submission lane. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2021). 38 U.S.C. § 7107(a)(2) (West 2014).

Entitlement to service connection for a lung disorder, chronic lymphocytic leukemia, colon polyps, diabetes mellitus, hyperlipidemia, hypertension, an eye disorder, arrhythmia, and transient ischemic attack.

The Veteran's service treatment records are not in the claims file. The agency of original jurisdiction attempted to obtain these records in April 2018. However, the response received from the National Personnel Records Center included only military personnel records and a copy of the service entrance examination. The Veteran was notified in June 2018 that her records had not been obtained (Record 06/25/2018). 

The Board notes that the Veteran has gone by multiple names throughout the period of this claim. However, she enlisted under the surname "GRIMES" (Record 04/20/2018 at 37). The April 2018 VA 21-3101 (Request for Information) lists only the surname "STEVENSON" (Record 04/09/2018). 

When pertinent service records are unavailable through no fault of the Veteran, VA's duties to assist, to provide reasons and bases for its findings and conclusions, and to carefully consider the benefit-of-the-doubt rule are heightened. Milostan v. Brown, 4 Vet. App. 250, 252 (1993) (citing Moore v. Derwinski, 1 Vet. App. 401, 406 (1991) and O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991)). 

The absence of the service treatment records is significant in any service connection claim. However, it is particularly significant in this case, as the August 2018 and September 2020 rating decisions repeatedly note in denying the various claims that: "Your service treatment records do not contain complaints, treatment, or diagnosis for this condition." If the absence of service treatment records is a stated reason for denying the Veteran's claims, the Board finds that such absence is significant. 

In light of the enhanced duty to assist applicable in this case, the Board finds there is a reasonable possibility that an additional attempt to obtain the service treatment records would be fruitful. Therefore, an additional attempt is necessary to decide the claim. This represents a pre-decisional duty to assist error. 

In addition, prior to the Veteran's election to move her appeal into the AMA, VA treatment reports indicate that the Veteran is followed privately for her eyes and for her heart (Record 04/16/2018 at 134, 535); and she also noted that she was seeing a private oncologist for chronic lymphocytic leukemia (Record 04/06/2020 at 13). 

As she is seeking service connection for an eye disorder, arrhythmia, and chronic lymphocytic leukemia, these records are pertinent, but have not been obtained. This also represents a pre-decision duty to assist error. 

The matters are REMANDED for the following action:

1. Request the Veteran's service treatment records using the name listed on the Enlistment Contract referenced above. Associate any records obtained with the claims file. 

2. Obtain the private treatment records identified by the Veteran. Associate any records obtained with the claims file. 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board L. Cramp

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.